IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LEROY CRISP,

    Plaintiff,

v.                                                            No. 06-2761

FEDERAL EXPRESS CORP.,

    Defendant.
_____

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE
WITH PREJUDICE
_____

        The Plaintiff, Leroy Crisp, brought this action against the Defendant, Federal Express Corp. ("Fed Ex"), alleging employment discrimination.  On June 6, 2006, Magistrate Judge Tu M. Pham entered an order granting the motion of the Plaintiff's counsel to withdraw based upon Crisp's failure to respond to numerous attempts made by his attorneys to contact him.  In the order, the magistrate judge directed the Plaintiff to file written notice within twenty days of his intent to continue with the litigation and stated that Crisp's failure to do so would "result in a recommendation to the District Judge that his case be dismissed with prejudice for failure to prosecute."  (Order Granting Mot. to Withdraw, June 6, 2006, at 2).   On June 28, 2007, after Crisp failed to respond as directed, Judge Pham issued a report, recommending that the Plaintiff's case be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See (Report and Recommendation, June 28, 2007, at 1); see also Fed. R. Civ. P. 41(b) (providing that a plaintiff's failure to prosecute may result in his case being dismissed with prejudice).  According to the Court's docket, no objections to the magistrate judge's report have been filed

pursuant to 28 U.S.C. § 636(b)(1)(C).

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The United States Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to

dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction.  Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

The Court has reviewed the magistrate judge's report and recommendation, and the entire record of the proceeding before the magistrate judge.  No objections having been filed, and upon a de novo determination, the Court ADOPTS the magistrate judge's report and recommendation.

In this case, as outlined above, the Plaintiff has failed to respond to the order to withdraw and has failed to object to the report and recommendation.  Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish works some hardship on the Defendant.  In addition, the Plaintiff was cautioned by the magistrate judge concerning the ramifications of his failure to inform the court of his intent to continue pursuing his case.  Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 16th day of July, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE